FILED

NOT FOR PUBLICATION

FEB 28 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELSA F. ARIAS; FREDY EDUARDO
CUTZAL-ARIAS,

              Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 06-72434

Agency Nos. A072-399-005
A096-494-827

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

     Elsa F. Arias and Fredy Eduardo Cutzal-Arias, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, protection under the Convention

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and Arias' request for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that petitioners' experiences in Guatemala did not constitute persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Further, substantial evidence supports the agency's conclusion that petitioners failed to establish they have an objective well-founded fear of persecution. *See Nahrvani*, 399 F.3d at 1154; *see also Aruta v. INS*, 80 F.3d 1389, 1395-96 (9th Cir. 1996) (record evidence did not compel finding that petitioner's fear of future persecution was objectively reasonable). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to demonstrate they were eligible for asylum, they necessarily failed to satisfy the more stringent standard for withholding of removal. *See Nahrvani*, 399 F.3d at 1154.

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured if returned to Guatemala. *See id.*

06-72434

Finally, we lack jurisdiction to review the agency's discretionary determination that Arias failed to establish the requisite hardship for cancellation of removal. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**